## MARK GRAY *vs.* INHABITANTS OF HOULTON.

### *R. S.*, c. 143, § 12.

Two justices of the peace have no jurisdiction to order the removal of an insane person to the hospital, upon the neglect of the municipal officers to do so, upon application to them by virtue of R. S., c. 143, § 12, in a case where such insane person is at the time legally confined in jail upon criminal process.

ON EXCEPTIONS.

DEBT to recover for services and expenses in conveying Charles McCann to Augusta and committing him to the insane hospital, he having been adjudged insane by two justices of the peace and quorum, by virtue of R. S., c. 143, § 15. The plaintiff proved his claim and, on cross-examination, testified that his whole bill had been paid him by the county treasurer, by order of the clerk of the county commissioners, and he gave his receipt therefor; but it was shown that this was intended as an advance of the money. The application to the justices was made by McCann's brother, after a neglect on the part of the selectmen of Houlton to act in the premises. The defendants put in the record of a conviction of Charles McCann of threatening to kill certain persons, and his commitment to jail for failing to give surety to keep the peace; and that he was in jail upon that process when the magistrates adjudged him insane and directed him to be taken to the hospital. The cause was submitted to the presiding justice who ruled, *pro forma*, that the action could be maintained, and the defendants excepted.

*C. M. Herrin*, for the defendants.

*Robinson & Hutchinson*, for the plaintiff.

PETERS, J. These exceptions must be sustained. By R. S., c. 143, § 12, the municipal officers of towns, upon complaint in writ-

ing made by any relative of an insane person or by a justice of the peace, may examine into the condition of such insane person, and, upon certain conditions, send him to the insane hospital. By § 15, this may be done by two justices of the peace in case the municipal officers neglect or refuse to do it. But there can be no neglect or refusal, in the sense of the statute, under a state of circumstances where such officers have no power to act. In this case the insane person, at the time of the complaint, was legally confined upon criminal process in the county jail. They could not properly obtain possession of his person, to remove him from the jail to the hospital; and, therefore, were in no fault for not attempting to do so. In this view the justices were not legally called upon to act. Although the commitment of the insane person and his detention at the hospital may be proper enough, for the purpose of charging the town for his support while there, by virtue of sections nine and nineteen of the chapter cited ; still, the action of the justices was so far irregular and unauthorized by law, that the town is not bound to pay this claim consequent upon such illegal action.  *Exceptions sustained.*

APPLETON, C. J., CUTTING, WALTON, BARROWS and DANFORTH, JJ., concurred.